[923 NYS2d 343]

In the Matter of ARTURO A. CAMPOMANES, an Attorney, Resignor.

Second Department, May 24, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Arturo A. Campomanes*, New York City, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Arturo A. Campomanes has submitted an affidavit dated November 12, 2010, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Campomanes was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 23, 1981.

Mr. Campomanes is aware of a pending investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts into allegations of professional misconduct based upon a complaint filed against him by his client, Maricel L. Baetiong. It is alleged that Mr. Campomanes, as a fiduciary incident to his practice of law, was entrusted with $10,000 in funds belonging to Baetiong, and that Mr. Campomanes converted those funds for his personal use.

Mr. Campomanes acknowledges that if charges were predicated upon the allegations of professional misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Mr. Campomanes acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he fully aware of the implications of its submission.

Mr. Campomanes' resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. Mr. Campomanes specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the resignation be accepted.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Mr. Campomanes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the resignation of Arturo A. Campomanes is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arturo A. Campomanes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Arturo A. Campomanes shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arturo A. Campomanes is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Arturo A. Campomanes has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the Mr. Campomanes shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).